# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TRISTAN BONN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:08CV493** |
| vs. ) | |
| ) | **PROTECTIVE ORDER** |
| **CITY OF OMAHA, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

    This matter came before the Court upon the parties' Joint Motion for a Protective Order regarding certain responses by the Plaintiff to a Request for Production of Documents previously served upon her and her attorney. The Request for Production of Documents seeks copies of medical/psychological records of the Plaintiff which are relevant to Plaintiff's claim for damages in this matter. It is the intention of the parties that this order also cover any additional medical records which may be disclosed by the Plaintiff during the course of this litigation.

    **IT IS ORDERED** that the Joint Motion (Doc. 30) is granted, as follows:

    1. The Plaintiff shall provide to Defense counsel one copy of the medical/psychological records sought by the Request for Production of Documents subject to the terms of this Order.

    2. The material produced, along with any other medical records which may be disclosed, shall be placed in an envelope marked "CONFIDENTIAL MATERIAL" and shall be maintained by counsel for the Defendants separate from, and not commingled with, any other document or items.

    3. Except as hereinafter provided or upon further order of the Court, no item produced nor any description or summary of its contents may be revealed to any person or entity except: (i) counsel for parties in this action and those secretaries or paralegals employed by counsel on a regular basis who are assisting counsel in this action; (ii) the parties in the action; (iii) a person retained by a party as an expert expected to testify at trial; and (iv) the Court.

    4. All copies shall be made by employees of counsel for the parties without disclosing the material to any outside firm or person unless approved by counsel for Plaintiff.

      (a) Any person receiving a copy of the confidential material shall maintain the copy in an envelope marked "CONFIDENTIAL MATERIAL" and kept separate from, and not commingled with, any other document or items not related to these cases.

      (b) All copies shall be considered to be included within the term "confidential material" as used in this Order and possession and use of any copy shall be subject to the terms of this Protective Order to the same extent as the original material.

      5. Each person receiving confidential material shall be subject to the terms of this Protective Order.

      6. All confidential material shall be viewed and/or used only for purposes of preparing and presenting this case. Prior to any public disclosure of the material at a hearing or trial or in a motion to the court, counsel for Plaintiff shall be notified of what material is intended to be disclosed and shall be provided an opportunity to object to the intended disclosure.

      7. At the conclusion of this case all confidential material, including all copies, received pursuant to this Order shall be returned to counsel for Plaintiff unless otherwise ordered by the Court. This Protective Order shall not terminate upon the conclusion of this action, but shall continue until the further order of the Court, or until the Plaintiff has waived confidentiality in writing.

      8. The Court may impose sanctions with respect to any party or any party's attorney or any other person or entity improperly granting access to material subject to this Protective Order. Any person or entity, whether or not a party, violating the Protective Order may be punished for contempt of Court.

      **DATED June 4, 2009.**

                                      **BY THE COURT:**

                                      **s/ F.A. Gossett**
                                      **United States Magistrate Judge**