## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TRISTAN BONN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 8:08cv493 |
| vs. ) | |
| ) | **PROTECTIVE ORDER** |
| **CITY OF OMAHA, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on the parties' stipulated Motion for Protective Order (Doc. 32). Plaintiff has served Requests for Production of Documents seeking copies of certain files originally maintained by the plaintiff while employed by the defendants as the Omaha Public Safety Auditor, known by the parties as the "Complaint Files." By agreement of the parties, plaintiff has been allowed to inspect and is now requesting copies of the Complaint Files.

Pursuant to Fed. R. Civ. P. 26(c),

**IT IS ORDERED** that the parties' Joint Motion for Protective Order (Doc. 32) is granted, as follows:

1. The Defendants shall allow Plaintiff's counsel to copy the previously inspected and identified "Complaint Files," subject to the terms of this Order.

2. The "Complaint Files" shall be deemed "CONFIDENTIAL MATERIAL" and shall be maintained by counsel for the Plaintiff separate from, and not commingled with, any other document or items.

3. Except as hereinafter provided or upon further order of the Court, no item produced nor any description or summary of its contents may be revealed to any person or entity except: (i) counsel for parties in this action and those secretaries or paralegals employed by counsel on a regular basis who are assisting counsel in this action; (ii) the parties in the action; (iii) a person retained by a party as an expert expected to testify at trial; and (iv) the Court.

4. All copies shall be made by employees of Plaintiff's counsel for the parties without disclosing the material to any outside firm or person unless approved by counsel for Defendants.

    (a) Any person receiving a copy of the confidential material shall maintain the copy in an envelope deemed "CONFIDENTIAL MATERIAL" and kept separate from, and not commingled with, any other document or items not related to these cases.

      (b)   All copies shall be considered to be included within the term "confidential material" as used in this Order and possession and use of any copy shall be subject to the terms of this Protective Order to the same extent as the original material.

      5.   Each person receiving confidential material shall be subject to the terms of this Protective Order.

      6.   All confidential material shall be viewed and/or used only for purposes of preparing and presenting this case. Prior to any public disclosure of the material at a hearing or trial or in a motion to the court, counsel for Defendants shall be notified of what material is intended to be disclosed and shall be provided an opportunity to object to the intended disclosure.

      7.   At the conclusion of this case all confidential material, including all copies, received pursuant to this Order shall be returned to counsel for Defendants unless otherwise ordered by the Court. This Protective Order shall not terminate upon the conclusion of this action, but shall continue until the further order of the Court, or until the Plaintiff has waived confidentiality in writing.

      8.   The Court may impose sanctions with respect to any party or any party's attorney or any other person or entity improperly granting access to material subject to this Protective Order. Any person or entity, whether or not a party, violating the Protective Order may be punished for contempt of Court.

**DATED June 12, 2009.**

                                       **BY THE COURT:**

                                       **s/ F.A. Gossett**
                                       **United States Magistrate Judge**