IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISTAN BONN,                Plaintiff,    vs.    CITY OF OMAHA, a political subdivision; MIKE FAHEY, in his official capacity as the Mayor of Omaha; and PAUL LANDOW, in his official capacity as the Mayor's Chief of Staff,                Defendants. | 8:08cv493    MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's Motion to Compel (Doc. 23) and the defendants' response thereto (Doc. 27). Counsel have complied with the requirements of NECivR 7.0.1(i).

The plaintiff's employment as the Independent Public Safety Auditor for the City of Omaha was terminated on October 30, 2006, ten days after she completed and published a report entitled "Anatomy of Traffic Stops" which was critical of the Omaha Police Department's practices as applied to minority individuals and communities. In this action, she has asserted a state law claim for wrongful discharge and seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), 42 U.S.C. § 1983, and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1114.

This motion involves plaintiff's interrogatories Nos. 2 and 7, and document requests Nos. 1 and 10.

*Interrogatories*

Interrogatories Nos. 2 and 7 ask for information pertaining to actions taken by the defendants in response to certain Auditor Reports filed by the plaintiff and memoranda sent by the plaintiff to defendants Landow and Fahey.

The supplemental responses made by defendants Fahey and Landow state that "no action was taken by Mayor Fahey or Paul Landow" as to the "Anatomy of a Traffic Stop Report" or the plaintiff's memorandum entitled "Mounted Units, Downtown Patrol, and Front

Desk."  The City of Omaha did not respond to either interrogatory and, in its brief, theorizes that it only works through its authorized agents and thus was incapable itself of taking any action with respect to the reports or memoranda.

The City's objections based on relevance are overruled. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery).

The City is directed to answer Interrogatory No. 2, identifying all of its "authorized agents" or designees to whom the "Anatomy of a Traffic Stop Report" was distributed between October 20 and October 30, 2006 and what actions these individuals took in response to the report.

The City is directed to respond to Interrogatory No. 7 by identifying any "authorized agent" or designee (other than defendants Fahey and Landow) to whom the "Mounted Units, Downtown Patrol, and Front Desk" memorandum was distributed and what action these individuals took in response to the memorandum.

### *Requests for Production*

Noting that counsel have successfully negotiated the majority of their disputes relating to Requests Nos. 1 and 10, the plaintiff seeks to compel the production of "all E-mails sent to or from any E-mail box or tool registered, accessed or controlled by Mike Fahey or Paul Landow, which were sent in the two week period from 10/20/2006 through 11/3/2006," *see* Doc. 23 at p. 4/6 & Doc. 23 -8 at p. 1/2, and "all correspondence between the Defendants ... and the Police Union or Police Chief dated or delivered during the period between October 15, 2006 and November 5, 2006."

In response, the defendants appear to contend that any communications between them and the Police Union, the Police Department, or other third parties are necessarily irrelevant to the parties' claims and defenses.  The defendants also state that they have retrieved and produced all responsive emails from certain key individuals containing the words "Auditor," "Tristan," "Bonn," " Traffic Report," and "Traffic Stop Report," as proposed in plaintiff's counsel's letter of January 28, 2009 (Doc. 23 -8).

Upon the representations made by counsel in the defendant's brief as to cost and burden, the defendants' objections to providing further electronic discovery are sustained.  Considering all the factors set out in Fed. R. Civ. P. 26(b)(2)(B) & (C), the court finds that the requested information is not reasonably accessible because of undue burden or cost, and the expense of the proposed discovery outweighs its likely benefit.

The defendants' objections based on relevance are overruled. The court agrees with the plaintiff that communications between the defendants and the Police Department or Police Union between October 15, 2006 and November 5, 2006 are likely to contain information relevant to the claims and defenses asserted in this case. The defendants are ordered to produce all written communications (excluding email communications) in their possession or control, between them and the Police Union or Police Chief, dated or delivered during the period between October 15, 2006 and November 5, 2006.

**IT IS ORDERED** that plaintiff's Motion to Compel (Doc. 23) is granted in part, as set forth in this Memorandum and Order. All supplemental discovery responses shall be served within **five (5) business days** of the date of this order.

Pursuant to NECivR 72.2, a party may appeal this order to the district judge by filing a "Statement of Appeal of Magistrate Judge's Order" within **five (5) business days** of the date of this order. The filing of a statement of appeal will not stay this order pending appeal. Any requests for a stay shall be filed by separate motion at the time the appeal is filed.

**DATED June 18, 2009.**

           **BY THE COURT:**

           **s/ F.A. Gossett**
           **United States Magistrate Judge**