IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISTAN BONN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 8:08cv493 |
| CITY OF OMAHA, a political subdivision; ) | |
| MIKE FAHEY, in his official capacity as the ) | ORDER |
| Mayor of Omaha; and PAUL LANDOW, in ) | |
| his official capacity as the Mayor's Chief of ) | |
| Staff, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion (Doc. 24) for leave to amend the complaint to include a request for punitive damages. The plaintiff did not file a brief in support of the motion, and the defendants did not file any response.

The proposed amended pleading includes claims pursuant to Title VII of the Civil Rights Act of 1964, the Nebraska Fair Employment Practices Act, 42 U.S.C. § 1983, and a state law claim for wrongful discharge.

Significantly, the plaintiff has asserted only "official capacity" claims against defendants Fahey and Landow. "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007), *cert. denied*, 128 S.Ct. 2932 (2008) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978). The real party in interest in an official-capacity suit is the governmental entity, not the named official. *Id.*

A plaintiff may not recover punitive damages under Title VII if the defendant is a "government, government agency or political subdivision." *Jackson v. Univ. of Arkansas for Med. Sci.*, 2009 WL 890518 at *2 (E.D. Ark., March 31, 2009) (citing 42 U.S.C. § 1981a(b)(1))[1].

In an action pursuant to 42 U.S.C. § 1983, punitive damages can be awarded against municipal employees, but not against the governmental entity itself, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The jury may assess punitive damages when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless

---

[1] 42 U.S.C. § 1981a(b)(1) provides: "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."

or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

> A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity.  For many reasons, including exposure to individual damage liability and the State's Eleventh Amendment immunity, these are different causes of action. "[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device." *Hafer v. Melo*, 502 U.S. 21, 27(1991) (quotation omitted).
>
> .... We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *see Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir.1989).  "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

*Baker v. Chisom*, 501 F.3d at 923.

In general, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The court may deny leave to amend for various reasons, including "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Moore-El v. Luebbers*, 446 F.3d 890, 901-902 (8th Cir.), *cert. denied*, 549 U.S. 1059 (2006) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this instance, the proposed pleading does not allege any "individual capacity" claims against defendants Fahey or Landow and the plaintiff cannot not recover punitive damages on the any of claims asserted against the City of Omaha or against Fahey and Landow in their official capacities.  Because the proposed amendments are futile,

**IT IS ORDERED** that plaintiff's motion (Doc. 24) for leave to amend the complaint to include a request for punitive damages is denied.

**DATED July 22, 2009.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**