IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISTAN BONN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 8:08cv493 |
| CITY OF OMAHA, a political ) | |
| subdivision; MIKE FAHEY, in his ) | ORDER |
| official capacity as the Mayor of Omaha; ) | |
| and PAUL LANDOW, in his official ) | |
| capacity as the Mayor's Chief of Staff, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' Motion (Doc. 39) to compel plaintiff to answer Interrogatory No. 10. Counsel have complied with NECivR 7.0.1(i).

Briefly, the plaintiff's employment as the Independent Public Safety Auditor for the City of Omaha was terminated on October 30, 2006. In this action, she seeks damages for mental and emotional distress. On June 4, 2009 the court entered a stipulated protective order (Doc. 31) governing the production of medical records. The protective order appears to comply with the requirements of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

The interrogatory and plaintiff's response are as follows:

   **INTERROGATORY NO. 10**: Please state the names and addresses of each physician or other person consulted by you concerning your physical or mental health since October 2006 to the present date, specifying as to each occasion the purposes for which the individual was consulted.

   **ANSWER:** The Plaintiff objects to the provision of sensitive and privileged medical information absent the entry of an appropriate Protective Order. Plaintiff nevertheless expects to provided [sic] such information upon execution of appropriate Protective Order.

Apparently, the defendants intend to procure plaintiff's mental health records from 2001 through the present time via subpoena duces tecum. The plaintiff refuses to divulge the

names of the relevant practitioners and will sign HIPAA releases only for records generated after her termination. Thus, the defendants request an order compelling the plaintiff to answer the interrogatory and to order "those providers listed, to turn over all their records of Plaintiff's treatment from 2001[1] to present."

In response, the plaintiff states that the manner in which the termination was handled caused her "a great deal of distress," and maintains that the defendants' request to review medical records over the past nine years "can have no purposes other than to cause further stress." (Doc. 42).

The plaintiff is advised that her medical records are, in fact, directly relevant to her prayer for damages for emotional distress. Plaintiff's objections to Interrogatory No. 10 are overruled.

The defendants are advised that the court will not order unknown individuals to respond to subpoenas that have not been issued.

**IT IS ORDERED** that the motion (Doc. 39) is granted, in part, as follows:

1. The plaintiff shall, no later than Monday, July 27, 2009 answer defendants' Interrogatory No. 10, stating "the names and addresses of each physician or other person consulted by [her] concerning [her] physical or mental health since October 2006 to the present date, specifying as to each occasion the purposes for which the individual was consulted."

2. If the defendants wish to serve subpoenas on the health care providers identified by the plaintiff, the defendants shall give the plaintiff at least 10 business days notice before the subpoenas will issue. Pursuant to NECivR 45.1(a), the notice must state the names and addresses of the nonparties being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the dates on which the subpoenas will issue.

3. All disputes concerning proposed subpoenas to nonparties, i.e., to plaintiff's health care providers, shall be resolved in accordance with the procedure set in NECivR 45.1:

---

[1] The complaint alleges that plaintiff began her employment for the City of Omaha on June 4, 2001. In this motion, however, the defendants have not explained why it is necessary for them to obtain medical records covering more than the entire term of the plaintiff's employment to determine whether she had a preexisting condition.

    **(b) Objections.**  After receipt of the notice [of intent to serve a subpoena on a nonparty], the adverse party has 5 business days to serve written objections to the subpoena on the noticing party.  The adverse party must specifically identify the grounds for the objections.  The objections must be filed as "objections" and not as a "motion."  No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections.  Nothing in this rule affects the availability of objections described in Federal Rule of Civil Procedure 45(c) and (d).

    **(c) Hearing.**  The noticing party may request a hearing on unresolved objections. After a hearing, the court may order that the subpoena be issued or not issued, or that discovery proceed in a different manner or subject to a protective order. The court may also award expenses.

    **(d) Effect of Failure to Object.**  Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from moving for a protective order under Federal Rule of Civil Procedure 26(c).

**DATED July 22, 2009.**

                                      **BY THE COURT:**

                                      **s/ F.A. Gossett**
                                      **United States Magistrate Judge**